NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES STAFFORD<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY<br><br>Defendant. | Civil Action No.: 2:08-cv-03629 (PGS)<br><br>OPINION |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant Scottsdale Insurance Company's ("Defendant") motion for summary judgment. Plaintiff Charles Stafford ("Plaintiff") brought a declaratory judgment action seeking coverage under a homeowner's insurance policy for injuries resulting from a dog attack. For the following reasons Defendant's motion is granted.

I.

On June 2, 2005 Charles Stafford was attacked by Oliver Kennedy's dog while walking on the sidewalk near his Maplewood, New Jersey home. The dog, a pit-bull mix, was kept on Natalie Kennedy's property.[1] After seven operations stemming from the attack, Plaintiff incurred medical expenses of approximately $250,000. Plaintiff subsequently sued the Kennedys for negligence and

---

[1] Oliver and Natalie Kennedy are siblings and live together.

strict liability under New Jersey's Dog Bite Act[2] and won a judgment for $1,107,500 based on the Kennedys' negligent care of their dog (Trial 1).

At Trial 1, several findings of fact were made regarding the negligence of Oliver and Natalie Kennedy (the "Kennedys"). Among them were that the Kennedys negligently failed to fence in their backyard (after the dog had previously attacked someone) nor did they properly train the dog, nor did they exercise and feed it on a proper schedule.

Natalie Kennedy had a homeowner's insurance policy issued to her by Defendant; but the policy contained an exclusion. As a result of one conspicuously marked exclusion, Defendant refused to defend Natalie Kennedy in the prior suit. The exclusionary clause denied coverage for "'bodily injury,' 'property damage,' or medical payments to others, caused by any animal, whether owned or not owned by an 'insured.'" (Def. Br. at 5.) After Judgment was entered in Trial 1, Natalie Kennedy assigned her claim under the Scottsdale policy for coverage to Plaintiff. Plaintiff argues the exclusion does not control because of the Kennedy's negligence. Defendant removed the case to federal court based on diversity jurisdiction.

Plaintiff seeks a declaration of coverage for Oliver Kennedy, an order requiring Defendant to pay the underlying judgment, counsel fees, compensatory and punitive damages and other relief that the Court deems just and appropriate.

## II.

A.  <u>Summary Judgment</u>

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving

---

[2] N.J.S.A. 4:19016. Plaintiff did not pursue the strict liability claim.

party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. Appx. 222, 227 (3d Cir. 2007)

B.  New Jersey Insurance Policy Interpretation

"If the controlling language [of an insurance policy] will support two meanings, one favorable to the insurer, and the other favorable to the insured, the interpretation sustaining coverage must be applied. Courts are bound to protect the insured to the full extent that any fair interpretation will allow." *Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, Switzerland*, 35 N.J. 1, 1 (1961). Exclusionary terms in an insurance policy receive a much more restrictive interpretation compared to terms extending coverage. *Id.* (citing *Cal-Farm Ins. Co. v. Boisseranc*, 151 Cal. App. 2d 775 (App. Ct. 1957). However, when a contract's terms are unambiguous, a court is bound to enforce the contract as it finds it. *James v. Federal Ins. Co.*, 5 N.J. 21, 24, (NJ 1950).

### III.

Plaintiff contends that summary judgment is not proper as (1) the injury was not "caused" by an animal, but rather by the negligence of Natalie and Oliver Kennedy, thus the animal exclusion should not apply; (2) New Jersey follows the doctrine of concurrent causation; (3) there are questions of fact as to whether Defendant deviated from the standard of care in refusing to defend; and (4) Defendant refused to defend the initial suit in bad faith.

Defendant argues that summary judgment is proper as the exclusionary clause is both unambiguous and specifically precludes coverage for injuries caused by any animal. (Def. Br. at 2.) Specifically, Defendant contends that it was proper to decline coverage because Natalie and Oliver Kennedy's negligence is intertwined with the policy's excluded cause of injury.

A.  Intertwinement and Concurrent Causation

Generally, the case law indicates that the Kennedys' negligence and ownership of a dog are intertwined. *Robert W. Hayman, Inc. v. Acme Carriers, Inc.*, 303 N.J. Super. 355 (App. Div. 1997).

The *Hayman* court upheld an insurer's refusal of coverage in a case involving stolen shrimp where the policy excluded coverage for loss resulting from dishonest or criminal acts. The insured argued that the loss was caused *not* by a criminal act, but by negligent supervision. The court upheld the denial of recovery, as "negligent supervision is premised on [the insured's] failure to protect the plaintiff's property and is intertwined with the theft of its shrimp." *Id.* at 359-61. Under the *Hayman* case, the negligence of the Kennedys and the dog bite are intertwined. Plaintiff argues against this reasoning because the doctrine of concurrent causation applies. Such a doctrine does not extend to the facts at issue.

Plaintiff claims the Kennedys' independent negligence for not having a fence caused Plaintiff's injuries rather than the animal itself. (Pl. Reply Br. at 15.) Plaintiff then proceeds to make the illogical argument that the specific acts of negligence are "clearly capable of being separated from the cause of action of strict liability under the New Jersey Dog Bite Act." (*Id.*) Such reasoning misapplies the principle set forth in that case. *See, Salem Group v. Oliver, Salem*, 128 N.J. 1 (1992).

In *Salem*, an injured minor-guest driving the insured's all terrain vehicle (ATV) sued the insured on multiple counts, one being negligent entrustment. The insured had served alcohol to the minor. When the insurance company argued that they had no obligation to cover the loss, premised on an exclusionary clause pertaining to motor vehicles, the *Salem* court disagreed. It distinguished its ruling from other negligent entrustment cases which found negligence to be intertwined with ownership of a motor vehicle because the serving of alcohol to a minor does not depend on the insured's ownership of a motor vehicle. *Id.* at 5. The court found "a manifest hazard created by serving alcohol to a minor that would have existed even in the absence of the use of [an] insured's

5

vehicle." *Conduit and Foundation Corp. v. Hartford Cas. Ins. Co.*, 329 N.J. Super. 91, 746 (citing *Mailhiot v. Nationwide Mut. Fire Ins. Co.*, 740 A.2d 360, 362 (Vt.1999)). Plaintiff seems to analogize *Salem* to the facts at issue as follows: "There is a manifest hazard created by negligently caring for a dog that would have existed even in the absence of a dog's attack. Therefore, since the cause of action under the dog bite statute was based on only the dog attack, and the negligence count depended on other acts of negligence, the Kennedys' negligence is not intertwined with the dog attack and the exclusionary clause does not apply." This rationale does not make sense.

Here, Natalie Kennedy's policy excluded coverage for bodily injury caused by any animal, and the negligence proceeded from poor care of an animal owned by Oliver Kennedy. The negligent care for the dog cannot be isolated from the ownership and attack by the dog. Thus, *Salem* does not control.

B. <u>Ambiguity</u>

Plaintiff contends that the policy's animal exclusion is ambiguous and fails to meet the reasonable expectations of the average policyholder. Plaintiff argues that the exclusionary clause's language "caused by any animal" reasonably means that coverage is excluded when an animal is the *only* cause of bodily injury. (Pl. Reply Br. at 8.) Plaintiff notes that "Scottsdale did not choose to say 'caused in part by any animal' or 'where the owner is also negligent' or ' where the animal is not the sole cause of the accident.'" *Id.* *See, Wakefern Food v. Liberty Mutual Insurance*, 406 N.J. Super. 524 (App. Div. 2009). Unlike Plaintiffs logic, *Wakefern* holds that insurance-buyers should not be subject to intricate interpretations of an insurance policy. *Id.* at 539. That court noted the well settled proposition that insurance purchasers "should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that

coverage is afforded 'to the full extent that any fair interpretation will allow.'" *Id.* A plain reading of the policy's terms would lead a reasonable person to conclude that bodily injury caused by an animal is not covered. To the contrary, the Court finds the clause to be plain and obvious to the insured.

In the policy, there is a page entitled "amendatory endorsement". Above that title, it states in clear capital letters "this endorsement changes the Policy. Please read it carefully." The amendatory endorsement carves out three exclusions which are designated in bold black capital letters. The exclusions are (1) punitive or exemplary damages exclusion; (2) animal exclusions and (3) assault and battery exclusions. The animal exclusion is clearly identifiable, and plainly reads:

> ANIMAL EXCLUSION
>
> This policy does not provide coverage for "bodily injury," "property damage" or medical payments to others, caused by any animal, whether owned or not owned by any "insured."

In this case, there is no ambiguity about the clause's intent. It excludes injuries sustained by animal attacks.

### C. Duty to Defend

Plaintiff also contends that there are questions of fact as to whether Defendant deviated from the standard of care in refusing to defend the insured; and that the Defendant refused to defend the initial suit in bad faith. The insurer has a duty to defend the insured "when the complaint states a claim [that constitutes] a risk." *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 173, 607 A.2d 1255 (1992). The duty to defend is generally determined by the language of the policy. When the complaint and the policy correspond, the insurer must defend the suit. *Id.* Further, if "multiple

alternative causes of action," are alleged in the complaint, the insurer's duty to defend continues "until every covered claim is eliminated." *Id.* at 174. The duty to defend arises when the comparison reveals that, if the allegations of the complaint are sustained, the insurer will be required to pay any resulting judgment. Any ambiguity in the complaint, "should be resolved in favor of the insured and thus in favor of coverage." *Id.* at 173.

Plaintiff argues that there are issues of fact based on experts' opposing views as to the standard of care with regards to an insurer's duty to defend. There is no issue of fact, however, as Natalie Kennedy's policy unambiguously excluded coverage for injuries caused by any animal and Plaintiff's injuries were in fact caused by an animal. Comparing the allegations in Plaintiff's complaint to the policy, even if a negligence claim succeeded Defendant was not under any obligation to pay because the complaint specifically excluded injuries caused by an animal. Additionally, it is plainly obvious that negligence stemming from improper dog care and injuries caused by animal attacks are connected. There is no breach of the duty to defend, nor the Defendant's refusal to cover the claim.

## IV.

Based upon the foregoing facts and law, Defendant's motion for summary judgment is granted.

1/4/2010

_____
PETER G. SHERIDAN, U.S.D.J.

8